UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE APPLICATION OF USA PURSUANT TO 18 U.S.C. 3512 FOR 2703(d) ORDER FOR ONE E-MAIL ACCOUNT SERVICED BY GOOGLE LLC | ML No. 19-575 |

*Reference:*   *DOJ Ref. # CRM-182-66147; Subject Account: sanjay.kamran@gmail.com*

## APPLICATION OF THE UNITED STATES
## FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d)

The United States of America, moving by and through its undersigned counsel, respectfully submits this *ex parte* application for an Order, pursuant to 18 U.S.C. §§ 2703(d) and 3512(a), and the Agreement between the United States of America and the Republic of Poland on the Application of the Treaty between the United States of America and the Republic of Poland on Mutual Legal Assistance in Criminal Matters signed 10 July 1996, pursuant to Article 3(2) of the Agreement on Mutual Legal Assistance Between the United States of America and the European Union signed at Washington 25 June 2003, Pol.-U.S., June 9, 2006, S. TREATY DOC. NO. 109-13 (2006) (hereinafter, the "Agreement"), to execute a request from the Republic of Poland ("Poland"). The proposed Order would require Google LLC ("PROVIDER"), an electronic communication service and/or remote computing service provider located in Mountain View, California, to disclose certain records and other information pertaining to the PROVIDER account associated with sanjay.kamran@gmail.com, as set forth in Part I of Attachment A to the proposed Order, within ten days of receipt of the Order. The records and other information to be disclosed are described in Part II of Attachment A to the proposed Order. In support of this

application, the United States asserts:

## LEGAL BACKGROUND AND JURISDICTION

1. PROVIDER is a provider of an electronic communication service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Accordingly, the United States may use a court order issued under § 2703(d) to require PROVIDER to disclose the items described in Part II of Attachment A. *See* 18 U.S.C. § 2703(c)(2) (Part II.A of Attachment A); 18 U.S.C. § 2703(c)(1) (Part II.B of Attachment A).

2. Pursuant to the applicable treaty, this Court has jurisdiction to issue the proposed Order. *See* Agreement Annex art. 5(1) (authorizing courts to issue orders necessary to execute the request). In addition, this Court has jurisdiction to issue the proposed Order because it is "a court of competent jurisdiction," as defined in 18 U.S.C. § 2711. 18 U.S.C. § 2703(d). Specifically, the Court "is acting on a request for foreign assistance pursuant to [18 U.S.C.] section 3512." 18 U.S.C. § 2711(3)(A)(iii); *see also* 18 U.S.C. § 3512(a)(2)(B) (court may issue "a warrant or order for contents of stored wire or electronic communications or for records related thereto, as provided under section 2703"); 18 U.S.C. § 3512(c)(3) ("application for execution of a request from a foreign authority under this section may be filed . . . in the District of Columbia").

3. Section 3512 provides:

> Upon application, duly authorized by an appropriate official of the Department of Justice, of an attorney for the Government, a Federal judge may issue such orders as may be necessary to execute a request from a foreign authority for assistance in the investigation or prosecution of criminal offenses, or in proceedings related to the prosecution of criminal offenses, including proceedings regarding forfeiture, sentencing, and restitution.

18 U.S.C. § 3512(a)(1). This application to execute Poland's request has been duly authorized

by an appropriate official of the Department of Justice, through the Criminal Division, Office of International Affairs,[1] which has authorized execution of the request and has delegated the undersigned to file this application. The undersigned has reviewed the request and has confirmed that it was submitted by authorities in Poland in connection with a criminal investigation and/or prosecution.

4. A court order under § 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that . . . the records or other information sought, are relevant and material to an ongoing criminal investigation." 18 U.S.C. § 2703(d). Accordingly, the next section of this application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.

## RELEVANT FACTS

5. Authorities in Poland are investigating Agnieska Kowalska ("Kowalska") and unknown suspect(s) for forgery and fraud related offenses, which occurred between January 2010 and April 2010, in violation of the criminal law of Poland, specifically, Articles 13, 286, and 310 of the Polish Penal Code. A copy of the applicable laws is appended to this application. The United States, through the Office of International Affairs, received a request from Poland to

---

[1] The Attorney General, through regulations and Department of Justice directives, has delegated to the Office of International Affairs the authority to serve as the "Central Authority" under treaties and executive agreements between the United States and other countries pertaining to mutual assistance in criminal matters. *See* 28 C.F.R. §§ 0.64-1, 0.64-4, and Appendix to Subpart K, Directive Nos. 81B and 81C (2018).

provide the requested records to assist in the criminal investigation and/or prosecution. Under the Agreement, the United States is obligated to render assistance in response to the request.

6. According to authorities in Poland, on April 9, 2010, Kowalska attempted to cash four American Express traveler's checks, each valued in the amount of EUR 500 (approximately USD 670). Upon inspection of the traveler's checks, the bank verified that the traveler's checks were forged.

7. When interviewed by Polish authorities, Kowalska indicated that in January 2010 she found what she believed to be a job offer on the internet that offered to pay her in exchange for cashing traveler's checks. On or about January 20, 2010, Kowalska received an e-mail from an unknown individual (the "Suspect") using the e-mail account sanjay.kamran@gmail.com (the "Account"). The Suspect claimed to be "Sanjay Kamran" from a company called "Human Resource Manager Consumers Research LTD." The e-mail instructed Kowalska to deposit the traveler's checks into her personal bank account, withdraw 90% of the funds the next day, and finally transfer the withdrawn funds via Western Union to an individual located in the United Kingdom.

8. The Account is serviced by PROVIDER.

9. Polish authorities seek subscriber records from PROVIDER for the Account in order to identify and locate the suspect.

**REQUEST FOR ORDER**

10. The facts set forth above show that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation. Specifically, these items will help authorities in Poland identify and locate the individual(s) who are responsible for the criminal activity under

investigation, and to determine the nature and scope of that criminal activity.  Accordingly, the United States requests that PROVIDER be directed to produce all items described in Part II of Attachment A to the proposed Order within ten days of receipt of the Order.

        Respectfully submitted,

        VAUGHN A. ARY
        DIRECTOR
        OFFICE OF INTERNATIONAL AFFAIRS
        OK Bar Number 12199

By: _____
        Martyna Pospieszalska
        Trial Attorney
        NY Bar Number 5018528
        Office of International Affairs
        Criminal Division, Department of Justice
        1301 New York Avenue, N.W., Suite 800
        Washington, D.C.  20530
        (202) 598-8012 telephone
        (202) 514-0080 facsimile
        Martyna.Pospieszalska@usdoj.gov

# Relevant Provisions of the Polish Penal Code

## Article 13

**Section 1.** A person is liable for an attempt to commit a forbidden act if, with an intention to commit the same, such person aims at such commitment, but such commitment does not occur.

**Section 2.** An attempt takes place also when the perpetrator is not aware that the commitment is impossible due to a lack of the tools necessary to commit a given offense or due to the fact that a measure is used which is not suitable to commit such an offense.

## Article 286

**Section 1.** Any person who, in order to gain financial benefit, commits fraud causing another person to disadvantageously administer his/her property or third party property, by misleading such person, or taking advantage of his/her mistake, or inability to properly understand the action undertaken, will be liable to imprisonment of 6 months to 8 years.

**Section 2.** Any person who demands financial benefit in exchange for returning of the illegally taken object will be liable to the same penalty.

**Section 3.** In the event of smaller importance, the perpetrator will be liable to a fine, non-custodial sentence, or imprisonment of up to 2 years.

**Section 4.** If the offense referred to in Sections 1-3 has been committed to the detriment of a person close to the perpetrator, the prosecution will be initiated as requested by the victim.

## Article 310

**Section 1.** Any person who forges or alters Polish or foreign money, another means of payment or a document authorizing its holder to receive a certain amount of money or containing an obligation to pay out capital, interest, share in profits, or containing a statement that the holder participates in a company, as well as any person who removes the sign of redemption from such money, from another means of payment or from such document, shall be liable to a penalty of imprisonment for a period of not less than 5 years or to a penalty of 25 years of imprisonment.

**Section 2.** A person who puts in circulation money, other legal tender or document specified in paragraph 1, or accepts it for such purpose, stores, transports, carries, sends or assists in its alienation or concealment, is subject to a penalty of imprisonment for a period from one year to 10 years.

**Section 3.** In the event that the offense is of lesser importance, the Court may apply extraordinary mitigation of punishment.

**Section 4.** Any person who makes preparations for the commitment of the crime specified in paragraph 1 or 2, shall be liable to a penalty of imprisonment of from 3 months to 5 years